UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| ERIKA M. HERRERA, | ) | |
| Plaintiff, | ) | No. CV-10-0362-CI |
| | ) | |
| v. | ) | ORDER DENYING PLAINTIFF'S |
| | ) | MOTION FOR SUMMARY JUDGMENT |
| | ) | AND GRANTING DEFENDANT'S |
| MICHAEL J. ASTRUE, Commissioner | ) | MOTION FOR SUMMARY JUDGMENT |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

BEFORE THE COURT are cross-Motions for Summary Judgment. (ECF No. 14, 16.)   Attorney Jeffrey Schwab represents Erika Herrera (Plaintiff); Special Assistant United States Attorney Gerald J. Hill represents the Commissioner of Social Security (Defendant).   The parties have consented to proceed before a magistrate judge. (ECF No. 6.)   After reviewing the administrative record and briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment, and directs entry of judgment for Defendant.

**JURISDICTION**

Plaintiff protectively filed for disability insurance benefits (DIB) and Supplemental Security Income (SSI) on August 21, 2007. (Tr. 11, 141.)   She alleged disability due to generalized anxiety disorder, panic disorder without agoraphobia, major depressive disorder and bereavement, with an onset of January 7, 2005. (Tr. 145.)   Her claim was denied initially and on reconsideration.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

1  Plaintiff requested a hearing before an administrative law judge

2  (ALJ), which was held in Wenatchee, Washington, on October 22, 2009.

3  ALJ Christopher H. Juge presided by video conference from Metairie,

4  Louisiana.  (Tr. 11, 28-51.)    Plaintiff, who was represented by

5  counsel, and vocational expert Daniel R. McKinney appeared in person

6  and testified.  The ALJ denied benefits on January 14, 2010, and the

7  Appeals Council denied review.  (Tr. 28-51, 1-4.)   The instant

8  matter is before this court pursuant to 42 U.S.C. § 405(g).

9  **STANDARD OF REVIEW**

10  In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the

11  court set out the standard of review:

12  > The decision of the Commissioner may be reversed only
> if it is not supported by substantial evidence or if it is
13  > based on legal error. *Tackett v. Apfel*, 180 F.3d 1094,
> 1097 (9th Cir. 1999). Substantial evidence is defined as
14  > being more than a mere scintilla, but less than a
> preponderance. *Id.* at 1098. Put another way, substantial
15  > evidence is such relevant evidence as a reasonable mind
> might accept as adequate to support a conclusion.
16  > *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the
> evidence is susceptible to more than one rational
17  > interpretation, the court may not substitute its judgment
> for that of the Commissioner. *Tackett*, 180 F.3d at 1097;
18  > *Morgan v. Commissioner of Social Sec. Admin.* 169 F.3d 595,
> 599 (9th Cir. 1999).

19

20  > The ALJ is responsible for determining credibility,
> resolving conflicts in medical testimony, and resolving
> ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th
21  > Cir. 1995).  The ALJ's determinations of law are reviewed
> *de novo*, although deference is owed to a reasonable
22  > construction of the applicable statutes. *McNatt v. Apfel*,
> 201 F.3d 1084, 1087 (9th Cir. 2000).

23

24  It is the role of the trier of fact, not this court, to resolve

25  conflicts in evidence.  *Richardson,* 402 U.S. at 400.  If evidence

26  supports more than one rational interpretation, the court may not

27  substitute its judgment for that of the Commissioner.  *Tackett*, 180

28

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 2

1 F.3d at 1097;  *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

2 Nevertheless, a decision supported by substantial evidence will

3 still be set aside if the proper legal standards were not applied in

4 weighing the evidence and making the decision.  *Brawner v. Secretary*

5 *of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).  If

6 there is substantial evidence to support the administrative

7 findings, or if there is conflicting evidence that will support a

8 finding of either disability or non-disability, the finding of the

9 Commissioner is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-

10 1230 (9th Cir. 1987).

11                          **SEQUENTIAL PROCESS**

12     The Commissioner has established a five-step sequential

13 evaluation process for determining whether a person is disabled.  20

14 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S.

15 137, 140-42 (1987).  In steps one through four, the burden of proof

16 rests upon the claimant to establish a *prima facie* case of

17 entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d

18 920, 921 (9th Cir. 1971).   This burden is met once a claimant

19 establishes that a medically determinable physical or mental

20 impairment prevents her from engaging in her previous occupation.

21 20 C.F.R. §§ 404.1520(a), 416.920(a). "This requires the

22 presentation of 'complete and detailed objective medical reports of

23 his condition from licensed medical processionals.'" *Meanel v.*

24 *Apfel,* 172 F.3d 1111, 1113 (9th Cir. 1999)(citation omitted).

25     If a claimant cannot do her past relevant work, the ALJ

26 proceeds to step five, and the burden shifts to the Commissioner to

27 show that (1) the claimant can make an adjustment to other work; and

28

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

1 (2) specific jobs exist in the national economy which claimant can

2 perform.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Kail v.*

3 *Heckler*, 722 F.2d 1496, 1497-98 (9th Cir. 1984).  If no jobs exist

4 that a claimant can perform, she is disabled and eligible for

5 benefits.

6 **STATEMENT OF THE CASE**

7    The facts of the case are set forth in detail in the transcript

8 of proceedings and are briefly summarized here.  At the time of the

9 hearing, Plaintiff was 35 years old.   (Tr. 30.)  She reported she

10 got good grades in school, quit in the eleventh grade and obtained

11 a GED at the age of 20.  (Tr. 241.) She had past work experience as

12 a care-giver and a cashier.  Plaintiff reported she was married, but

13 her husband had been deported to El Salvador in 2002.  (Tr. 242.)

14 She reported she became involved in substance abuse after her

15 husband was deported. (Tr. 244-46.) Plaintiff's children were

16 removed from her custody in 2004 due to her methamphetamine

17 addiction and adopted in 2005.  (Tr. 238, 34-35.)  At the time of

18 the hearing, Plaintiff was living with her mother in a house. (Tr.

19 32.)  She testified she last worked in January 2005.  (Tr. 31, 35.)

20 She stated she could no longer work because her medication made her

21 sleep all the time, her vision was impaired, and she did not get

22 along with people.  (Tr. 31, 33, 40.)

23 **ADMINISTRATIVE DECISION**

24    The ALJ found Plaintiff met the insured status requirements for

25 DIB purposes through December 31, 2009.  (Tr. 13.)  At step one of

26 the sequential evaluation process, he found Plaintiff had not

27 engaged in substantial gainful activity since January 7, 2005, the

28

1  alleged onset date.  (*Id*.)  At step two, he found Plaintiff had

2  severe impairments of "anxiety related disorders and affective

3  disorders." (*Id*.)  The ALJ noted Plaintiff's diagnoses included

4  anxiety disorder, panic disorder without agoraphobia, major

5  depressive disorder and substance abuse/dependency. (*Id*.)  The ALJ

6  found Plaintiff's alleged diagnosis of glaucoma was not confirmed by

7  medical evidence and, therefore, was not a medically determinable

8  impairment. (Tr. 14.)  At step three, the ALJ found Plaintiff's

9  impairments or combination of impairments did not meet or equal an

10 impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1

11 (Listings).  Specifically, he considered Listings 12.04 (Affective

12 Disorders) and 12.06 (Anxiety Related Disorders).  (*Id*.)

13     At step four, the ALJ determined Plaintiff could perform the

14 full range of work at all exertional levels.  However, her residual

15 functional capacity (RFC) included the following non-exertional

16 limitations: "working away from the general public; only superficial

17 contact with co-workers and supervisors; extra time to learn new

18 routines and may need assistance with development of work related

19 goals." (Tr. 15.) After summarizing the medical record and

20 Plaintiff's statements, the ALJ found Plaintiff's allegations

21 regarding her limitations were not credible to the extent they were

22 inconsistent with the final RFC determination. (Tr. 16-20.)  Based

23 on the RFC assessed and the VE's testimony, the ALJ found Plaintiff

24 could perform her past relevant work as a care-giver. (Tr. 19.)  In

25 alternative findings, the ALJ proceeded to step five and found there

26 were other jobs in significant numbers Plaintiff could perform,

27 including assembly occupations and hand-packer/packager occupations.

28

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5

1 (Tr. 22.)  The ALJ concluded Plaintiff had not been disabled since

2 the alleged onset date and ineligible for benefits under the Social

3 Security Act.  (Tr. 22-23.)

**ISSUES**

5    The question is whether the ALJ's decision is supported by

6 substantial evidence and free of legal error.  Plaintiff argues the

7 ALJ erred (1) at step three when he evaluated the medical evidence

8 and failed to obtain medical expert opinion regarding equivalence,

9 and (2) at step five when he relied on VE testimony based on an

10 incomplete hypothetical.  (ECF No. 15.)  Defendant responds the

11 Commissioner's decision is supported by substantial evidence and

12 free of legal error.  (ECF No. 17.)

**DISCUSSION**

14 **A.   Step Three: Equivalence**

15    The Commissioner has a list of impairments (Listings) to

16 describe various illnesses and abnormalities, categorized by the

17 various body systems, that are considered severe enough to prevent

18 substantial gainful activity "regardless of age, education or work

19 experience."   20 C.F.R. § 404.1525; *Sullivan v. Zebley*, 493 U.S.

20 521, 529-30 (1990).  At step three, it is a claimant's burden to

21 present objective medical evidence proving he or she meets or equals

22 an identified Listing.  *Roberts v. Shalala*, 66 F.3d 179, 182 (9th

23 Cir. 1995).   To show she meets a Listing, the claimant must

24 establish that she meets each criteria of the listed impairment

25 relevant to her claim.  *Sullivan*, 493 U.S. at 531.  If a claimant's

26 impairments do not meet the Listing exactly, a finding of "disabled"

27 may be appropriate if her impairments in combination "equal" a

28

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 6

1    Listing.   To prove that she "equals" a Listing, "a claimant must

2    establish symptoms, signs and laboratory findings 'at least equal in

3    severity and duration' to the characteristics of a relevant listed

4    impairment."    *Tackett*, 180 F.3d at 1099 (*quoting* 20 C.F.R. §

5    404.1526).    "A claimant cannot qualify for benefits under the

6    "equivalence" step by showing that the overall functional impact of

7    his unlisted impairment or combination of impairments is as severe

8    as that of a listed impairment."    *Zebley*, 493 U.S. at 531.    The

9    "functional impact of impairments in combination," regardless of

10   their severity, cannot justify a finding of equivalence.    *Id*. at

11   532.

12        Evidence of significant objective medical findings, along with

13   the presentation of a cogent argument, must be presented to raise

14   presumption of disability at step three.    *See, e.g., Marcia v.*

15   *Sullivan*, 900 F.2d 172 (9th Cir. 1990).    Absent significant medical

16   evidence of the requisite criteria and a plausible theory, the ALJ

17   is not required to explain why equivalency is not established.

18   *Gonzalez v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir. 1990)(ALJ's

19   detailed statement of evidence established factual basis for step

20   three finding).

21        Plaintiff contends the ALJ erred by not calling a medical

22   expert to give an updated opinion regarding Plaintiff's impairments

23   in combination.    She argues improperly rejected opinions in a 2004

24   report by examining psychologists Virginia Phillips, Ph.D., and

25   David Phillips, Ph.D., in combination with other medical evidence

26   "at least suggests equivalency level mental impairment. (ECF No. 15

27   at 4-5; Tr. 238-50.)

28

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7

1    Where, as here, an examining medical source opinion is

2 contradicted, the ALJ must give "specific" and "legitimate" reasons

3 for rejecting that opinion. *Lester v. Chater*, 81 F.3d, 821, 830-31

4 (9th Cir. 1995).  The ALJ specifically rejected the Drs. Phillips'

5 opinions that Plaintiff was disabled due to mental problems because

6 they were based on one examination in July 2004, when Plaintiff

7 reported she was actively using methamphetamine.  (Tr. 20, 249.)

8 Social Security disability benefits are precluded if drug or alcohol

9 abuse/addiction are a contributing factor to claimed disability.

10 *Parra v. Astrue*, 481 F.3d 742 (9th Cir. 2007)(claimant has burden to

11 prove drug addiction is not a factor material to disability).  In

12 addition, the ALJ gave the evaluation little weight because it

13 predated Plaintiff's alleged onset date and was, therefore, of

14 little relevance in these proceedings. (*Id*.)  This is also a

15 specific and legitimate reason to reject an examining medical source

16 opinion.  *Martinez v. Heckler*, 807 F.2d 771 (9th Cir. 1986).

17    As noted by Plaintiff in her briefing, Drs. Phillips'

18 evaluation is based on the functional limitations of Plaintiff's

19 mental impairments.  (ECF No. 15 at 4-5.)  The functional impact of

20 impairments, even in combination, is not a basis for equivalence.[1]

21 _____

22    [1]  Plaintiff's argument that Global Assessment of Functioning

23 (GAF) scores in evidence submitted after her onset date reflects a

24 decline in her condition and may support a finding of equivalence is

25 misplaced.  (ECF No. 15 at 5-7.)  The GAF scale is a common tool for

26 tracking and evaluating the overall psychological functioning of a

27 patient and is used to determine an individual's need for treatment.

28 *Vargas v. Lambert*, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998).  As

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8

1  *Zebley*, 493 U.S. at 532.

2      Finally, neither the 2004 psychological evaluation nor evidence

3  submitted after the alleged date of onset supports a finding that

4  the severity of limitations described by Drs. Phillips persisted for

5  at least twelve months.   Therefore, their opinions alone are not

6  substantial evidence to meet the duration requirement for a finding

7  of disability.   20 C.F.R. §§ 404.1509, 416.909.   In fact, Drs.

8  Phillips specifically opined Plaintiff could consider vocational

9  training and job placement if she completed substance abuse

10  treatment and sought help for her mental problems, including therapy

11  and medication.  (Tr. 249.)

12      Because medical source opinions from Drs. Phillips were

13  rejected properly, Plaintiff's step three argument is not supported

14  by substantial evidence.   Further, Plaintiff neither identifies a

15  specific Listing that may be equaled nor identifies relevant

16  ───────────────────

17  evidenced by Plaintiff's scores, a GAF score can fluctuate depending

18  on the current circumstances.   For example, immediately after a

19  suicide gesture with alcohol and prescription drugs, Plaintiff was

20  given a GAF score of 35, reflecting a serious need for treatment.

21  The evaluator noted she was "disturbed," but not a chronically

22  mental ill person.   (Tr. 537-42.)   Because a GAF score measures

23  situational functioning in the context of treatment design, the

24  Commissioner has declined explicitly to endorse the GAF scale for

25  use in the Social Security disability programs.   He has directed

26  that GAF scores have no direct correlation to the severity

27  requirements of the mental disorder listing.  *See* 65 Fed.Reg. 50746,

28  50764-65 (Aug. 21, 2000).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

1  objective medical evidence that could arguably establish the

2  severity required to meet or equal a Listing.   Because Plaintiff

3  fails to present a tenable theory to support a step three finding,

4  the ALJ was not obligated to obtain medical expert testimony or

5  explain further his step three conclusions. *Gonzalez,* 914 F.2d 1197

6  at 1201; *see also Young v. Sullivan,* 911 F.2d 180, 185 n.2 (9th Cir.

7  1990)(no legal error where ALJ interpreted credited evidence of

8  impairments in combination differently than claimant); *Key v.*

9  *Heckler,* 754 F.2d 1545, 1549 n.2 (9th Cir.1985)(medical evidence in

10 its entirety did not establish findings sufficient to meet or equal

11 Listing).   The ALJ did not err in his step three findings.

12 **B.    Step Four: RFC Assessment**

13     Plaintiff also argues the ALJ's reliance on RFC findings by

14 reviewing psychologists Patricia Kraft, Ph.D., and Sean Mee, Ph.D.,

15 is not supported by substantial evidence. (ECF No. 15 at 6-7.)  The

16 record shows Dr. Kraft reviewed the record on October 11, 2007, and

17 determined Plaintiff's mental impairments were not disabling.  She

18 specifically noted Plaintiff's improvement when she was on

19 antidepressants and during periods of drug and alcohol abstinence.

20 (Tr. 335.)   Dr. Kraft assessed mild to moderate work-related

21 functional limitations and specifically noted Plaintiff's need to

22 work away from the general public. (Tr. 339.)  In February 2008, Dr.

23 Mee considered evidence submitted later and affirmed Dr. Kraft's

24 findings (Tr. 323-39, 347.)

25     In his discussion of this evidence, the ALJ noted medical

26 evidence was received after the completion of Dr. Kraft's

27 assessment.   (Tr. 21.)   He reasonably gave her assessment

28

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

1  significant weight, but only to the extent it was "consistent with

2  the residual functional capacity finding herein," which was based on

3  the entire record.  (Tr. 21, 15-21.)   He then found Dr. Kraft's

4  opinions (as affirmed by Dr. Mee) were substantiated by the entire

5  record, including records received after her assessment was

6  affirmed. (*Id.*)

7       The weight given to the agency psychologists's findings is

8  supported by the ALJ's summary of the evidence.  The ALJ referenced

9  records from Plaintiff's treatment providers in 2009 (treating

10 physician, Kristen Callison, M.D., nurse practitioner Andrea Howey,

11 and mental health therapist John Laughlin) that show Plaintiff

12 improved with regular counseling and medication and symptoms

13 worsened due to alcohol abuse and non-compliance with medication.

14 (*See, e.g.*, Tr. 18, 391-94, 400, 422-23; *cf.*, 402, 405.) Impairments

15 that can be controlled with treatment and medication are not

16 disabling. *Warre v. Commissioner of Social Sec.*, 439 F.3d 1001,

17 1007 (9th Cir. 2006).  The ALJ's thorough evaluation of the medical

18 record and conclusions reflect a reasonable interpretation of the

19 record in its entirety.  Where, as here, the ALJ's findings are

20 supported by substantial evidence, they are conclusive. *Tommasetti*

21 *v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).

22 **C.   Hypothetical Questions at Step Five**

23      Plaintiff next argues the hypothetical relied upon by the VE

24 and ultimately by the ALJ in his step five findings does not reflect

25 the limitations assessed by Drs. Phillips or limitations presented

26 by her representative at the hearing.  (ECF No. 15 at 7-8.)  The ALJ

27 may rely on vocational expert testimony if the hypothetical

28

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11

1  presented to the expert includes all functional limitations

2  supported by the record and found credible by the ALJ.  *Bayliss v.*

3  *Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).  An ALJ is not obliged

4  to accept the limitations presented by Plaintiff's representative.

5  *Osenbrock v. Apfel*, 240 F.3d 1157, 1164-65 (9th 2001); *Martinez v.*

6  *Heckler*, 807 F.2d 771, 773 (9th Cir. 1986).  It is the province of

7  the ALJ to make a final determination regarding Plaintiff's RFC and

8  disability.  The Regulations are clear that no special significance

9  is given to a medical opinion regarding these issues.  20 C.F.R §§

10  404.1527(d), 416.927(d).

11     As discussed above, the ALJ gave specific and legitimate

12  reasons for rejecting the Phillips' opinions regarding Plaintiff's

13  limitations.  Therefore, the ALJ was not obliged to include them in

14  his final RFC or hypothetical to the VE.  In propounding the

15  hypothetical, the ALJ properly considered the record in its

16  entirety, including Plaintiff's episodic declines due to substance

17  abuse and non-compliance with mental health treatment

18  recommendations.  (Tr. 19.)  He reasonably relied on clinic notes

19  from Plaintiff's treatment providers when he concluded severe

20  symptoms caused by alcohol and drug abuse did not persist for a

21  single 12-month period, and when compliant with treatment,

22  Plaintiff's symptoms were controlled and mild.  (Tr. 20.)  The ALJ

23  did not err in relying on VE testimony that Plaintiff could perform

24  other jobs in the national economy.

25                          **CONCLUSION**

26     The ALJ did not err at step three or step five.  His findings

27  and conclusions are supported by substantial evidence and free of

28

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 12

1 legal error.  Accordingly,

2     **IT IS ORDERED:**

3     1.   Plaintiff's Motion for Summary Judgment **(ECF No. 14)** is

4 **DENIED;**

5     2.   Defendant's Motion for Summary Judgment **(ECF No. 16)** is

6 **GRANTED;**

7     The District Court Executive is directed to file this Order and

8 provide a copy to counsel for Plaintiff and Defendant.   The file

9 shall be closed and judgment entered for Defendant.

10     DATED May 21, 2012.

11

12                           S/ CYNTHIA IMBROGNO
                       UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 13